IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC L THORNTON, # R42051, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )  Case No. 3:12-cv-00700-MJR |
| | ) |
| JOHN COX, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

Reagan, District Judge:

Plaintiff, currently incarcerated at Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42. U.S.C. § 1983 against Defendant John Cox, Warden of Vienna Correctional Center ("VCC"). Plaintiff was incarcerated at VCC for a period of time in early 2011. Plaintiff's complaint attempts to state several constitutional tort claims against Defendant concerning the conditions of his confinement at VCC. Plaintiff claims that Defendant violated his constitutional rights due to his position of authority over the institution and staff members.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The claims against Defendant Warden John Cox is dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. **See Sanville v. McCaughtry,** 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff states only that VCC staff were acting pursuant to the policies of Defendant. Plaintiff has not alleged facts indicating that Defendant had actual knowledge, caused, or participated in the violations specific to him. **See Sanville,** 266 F.3d at 740; **Owens v. Hinsley**, 635 F.3d 950, 953-54 (7th

1

**Cir. 2011) ("the alleged mishandling of [a prisoner]'s grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim" (citations omitted)).**

**Disposition**

Accordingly, Defendant John Cox is **DISMISSED** from this action with prejudice. Plaintiff has not named any other individual personally responsible for his constitutional violations. Plaintiff shall file his First Amended Complaint, naming the individual Defendant(s) responsible for the alleged constitutional violations, within 30 days of the entry of this order (on or before September 14, 2012). Failure to file an amended complaint may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: August 16, 2012.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge