IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC L THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:12-cv-00700-MJR |
| | ) | |
| JOHN COX, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Reagan, District Judge:

Plaintiff, an inmate in Dixon Correctional Center (Dixon"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was confined in Vienna Correctional Center ("Vienna").  On August 16, 2012 this Court conducted a threshold review of the *pro se* complaint pursuant to its authority under 28 U.S.C. § 1915A, dismissed all Defendants, and allowed Plaintiff an opportunity to amend the complaint. *See* Doc. 6.  The Court imposed a deadline of September 14, 2012 for the filing of an amended complaint. *See id*. On September 12, 2012, the Court granted Plaintiff's request to have counsel appointed. *See* Doc. 12.  This Court appointed Attorney John W. Rourke for all remaining pretrial and trial proceedings. *See id*.  The deadline to file an amended complaint was ultimately extended until October 29, 2012. *See* Docs. 16, 18.  Plaintiff filed a motion for leave to file an amended complaint (Doc. 19) on October 31, 2012.  The (Doc. 19) motion to amend was granted on November 14, 2012. *See* Doc. 21.

The (Doc. 22) amended complaint begins with lengthy allegations describing the conditions of confinement at Vienna, where Plaintiff was confined before he was transferred to Dixon.  The amended complaint then attempts to state seven causes of action against Defendants

1

Randy Davis, Lieutenant John Doe, Major John Doe, Corrections Officer ("C\O") John Doe and Salvador A. Godinez ("S.A. Godinez").  Count 1 is a request for injunctive relief against all of the Defendants in their official capacity to compel them to comply with Constitution. *See* Doc. 22 at 29-31.  Specifically, Count 1 alleges that inmates at Vienna are being confined in inhumane conditions that violate the prohibition against cruel and unusual punishment in the 8th Amendment of the U.S. Constitution. *See id*.  Next, Count 2 is a request for declaratory relief against all of the Defendants in their official capacity. *See id*. at 31-34.  Plaintiff would like the Court to enter an order declaring that the Defendants have subjected Plaintiff to unconstitutional conditions of confinement. *See id*.  Next, Count 3 is a request for declaratory relief against Defendants Lt. John Doe and C/O John Doe in both their individual and official capacities for unconstitutional deprivations of due process under the 14th Amendment. *See id*. at 34-37.  Next, Counts 4 and 5 pray for tort/compensatory damages against Defendants Randy Davis, Lt. John Doe and C/O John Doe for 8th and 14th Amendment violations. *See id*. at 37-47.  Counts 6 and 7 pray for punitive damages against all Defendants. *See id*. at 47-49.

After review of the proposed amended complaint pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff has stated two claims: 1) unconstitutional conditions of confinement (8th Amendment) against Defendants Randy Davis, Lt. John Doe and C/O John Doe in their individual capacities and 2) due process violations (14th Amendment) against Defendants Lt. John Doe and C/O John Doe in their individual capacities.

Plaintiff's allegations against the Defendants in their official capacities fail to state a claim upon which relief can be granted because injunctive relief is not appropriate in this case. Plaintiff seeks a permanent injunction against the Defendants in their official capacities that would prevent them from confining Plaintiff "and others" in conditions in Vienna that are

allegedly unconstitutional.  Aside from the obvious problem that the "others" are not plaintiffs in this litigation, Plaintiff's request for injunctive relief is fatal in one key respect.  The standard for permanent injunctive relief is similar to that for preliminary injunction, except that "the issue is not whether the plaintiff has demonstrated a reasonable likelihood of success on the merits, but whether he has in fact succeeded on the merits." *Plummer v. American Institute of Certified Public Accountants*, 97 F.3d 220, 229 (7th Cir. 1996) (citing *Amoco v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987)).  In any case, the movant must be able to demonstrate that she will suffer irreparable harm if the injunctive relief is not granted. *See Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004) (citation omitted).  Here, Plaintiff alleges that he was subjected to unconstitutional conditions of confinement while he was confined at Vienna.  He has since been transferred to another correctional facility.  Accordingly, it is no longer possible for Plaintiff to suffer irreparable harm as a result of the Defendants acting in their official capacities.  As a result, the requested injunctive relief is no longer appropriate. Therefore, the claims against the Defendants in their official capacities will be **DISMISSED** at this time.  Because Plaintiff only attempts to bring claims against Defendants S.A. Godinez and Major John Doe in their official capacities, these two Defendants will be **DISMISSED** from this case without prejudice.

**Disposition**

The claims against all Defendants in their official capacities are **DISMISSED** from this case without prejudice.  Defendants S.A. Godinez and Major John Doe are **DISMISSED** from this case without prejudice.

The Plaintiff shall file a motion for leave to file an amended complaint within 60 days of this order that provides the names of the presently unknown defendants.  Failure to file the

motion will result in dismissal of the unknown Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that the Clerk of Court shall prepare for Defendant **Randy Davis**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be

disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

5

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 20, 2012.**

> s/ Michael J. Reagan
> Michael J. Reagan
> United States District Judge