IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC L. THORNTON, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No.   12-cv-700-MJR-SCW |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
|        Defendant. | ) |

**REPORT AND RECOMMENDATION**

**WILLIAMS, Magistrate Judge:**

## I. Introduction

This case is before the Court on Defendant Randy Davis' Motion to Dismiss (Docs. 42 & 43). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **FIND AS MOOT** the motion to dismiss (Docs. 42 & 43).

## II. Findings of Fact

On June 12, 2012, Plaintiff Thornton filed his Complaint, attempting to raise several constitutional tort claims concerning his condition of confinement at Vienna Correctional Center (VCC) (Doc. 1). At the time Plaintiff filed his Complaint, he was incarcerated at Dixon Correctional Center where he remains housed presently. District Judge Michael J. Reagan initially reviewed

Plaintiff's Complaint which raised claims regarding his conditions of confinement against Defendant John Cox, Warden of Vienna Correctional Center, and dismissed the claims against Warden Cox as *respondeat superior* was not applicable to § 1983 actions (Doc. 6).  Plaintiff's claims failed to allege that Warden Cox had actual knowledge, or caused or participated in the violations against him (*Id.*). Plaintiff was given thirty (30) days in which to amend his Complaint, and identify individual defendants who were responsible for his constitutional violations (*Id.*).

Subsequent to the Court granting Plaintiff leave to amend his Complaint, Plaintiff sought the recruitment of counsel from the Court, informing the Court that he had been having other inmates write his filings and that the claims he sought to raise were too complex for Plaintiff to handle on his own (Doc. 8).  On September 11, 2012, District Judge Reagan appointed Plaintiff counsel (Doc. 9) and extended the deadline for filing an Amended Complaint (Docs. 10, 16, & 18).

On November 19, 2012, Plaintiff's counsel filed a fifty page Amended Complaint (Doc. 22).  The Complaint listed seven claims, many of which merely raised Plaintiff's prayers of relief including his request for punitive damages and injunctive relief.  After District Judge Reagan reviewed the Amended Complaint, he determined that Plaintiff raised two claims: (1) an unconstitutional conditions of confinement claim under the Eighth Amendment against Defendants Randy Davis, Lt. John Doe, and C/O John Doe, and (2) a due process violations claim under the Fourteenth Amendment against Defendants Lt. John Doe and C/O John Doe (Doc. 23).  At that time, Plaintiff's claim for injunctive relief was **DISMISSED** because Plaintiff was no longer housed at the Vienna Correctional Center (*Id.*).  Plaintiff was also directed to file a motion seeking leave to amend his complaint by identifying the unknown Defendants.  Plaintiff was given 60 days to file the motion and was warned that failure to do so would result in the dismissal of the unknown John Doe defendants (*Id.*).  Plaintiff failed to seek leave to amend his Amended Complaint and, thus, on March 5, 2013, the

Court **DISMISSED** the claims against the John Doe dxefendants, leaving only the claims against Randy Davis.  Thus, the only claim which remained was Plaintiff's claim against Randy Davis for unconstitutional conditions of confinement under the Eighth Amendment as the due process claim was solely against the John Doe Defendants.

On April 5, 2013, Defendant Randy Davis filed the instant Motion to Dismiss (Docs. 42 &43).  Defendant Davis argues that Plaintiff's claim for equitable relief should be dismissed as Plaintiff is no longer housed at Vienna Correctional Center.  Defendant Davis also seeks dismissal of Plaintiff's due process claim as redundant to the conditions of confinement claim.  Plaintiff has filed a Response (Doc. 48) in opposition to the motion.  Plaintiff argues that his request for equitable relief is still viable because he has alleged past and ongoing violations of both Plaintiff's rights and the rights of others and the equitable relief is necessary to redress the violations and ensure the conditions are not repeated both to Plaintiff or other inmates.  Plaintiff also argues that his due process claim is valid as he was denied due process in his disciplinary hearings.

### III.     Conclusions of Law

Defendant's motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, **910 F.2d 1510, 1520 (7th Cir. 1990).**  In assessing a complaint or claim under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor.  *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, **475 F.3d 824, 833 (7th Cir. 2007);** *Marshall v. Knight*, **445 F.3d 965, 969 (7th Cir. 2006);** *Corcoran v. Chicago Park Dist.*, **875 F.2d 609, 611 (7th Cir. 1989).**  Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief.  *Munson v. Gaetz*, **673 F.3d 630, 633 (7th Cir. 2012) (citing**

*Ashcroft v. Iqbal*, **556 U.S. 662, 681 (2009)).** Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." **Hayes v. City of Chicago, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).**

A.  **Equitable Relief**

Defendant Davis first argues that Plaintiff's claims for equitable relief should be dismissed as Plaintiff is no longer housed at Vienna Correctional Center. Plaintiff indicated in his Amended Complaint that he was transferred to Dixon Correctional Center in 2011 where he remains.

"[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, becomes moot." *Lehn v. Holmes*, **364 F.3d 862, 871 (7tht Cir. 2004). See also *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (Once inmate release from prison, his request for injunctive relief was rendered moot);** *Higgason v. Farley*, **83 F.3d 807, 811 (7th Cir. 1995).** There is an exception to this rule when a case is capable of repetition, but the doctrine only applies in exceptional situations, "and generally only where the named plaintiff can make reasonable showing that he will again be subject to the alleged illegality." *City of L.A. v. Lyons*, **461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed2d 675 (1983).**

Here, the undersigned first notes that Plaintiff's claim for injunctive relief has already been dismissed by Judge Reagan in his § 1915A review of Plaintiff's claims (See Doc. 23). In that Order, Judge Reagan indicated that because he was no longer confined at Vienna, it was no longer "possible for Plaintiff to suffer irreparable harm as a result of the Defendants acting in their official capacities" (*Id.*). The Court dismissed the claims against all Defendants in their official capacity as a claim for injunctive relief was no longer viable. Thus, this Court has already dismissed Plaintiff's

request for injunctive relief.

Now, however, Plaintiff argues that he is entitled to injunctive relief to ensure that the conditions and actions are not repeated against other inmates, including himself. However, as Judge Reagan previously noted in dismissing Plaintiff's claim for injunctive relief, Plaintiff was transferred to Dixon Correctional Center and there is no indication that he will be transferred back to Vienna. While Plaintiff argues that these actions could be repeated against other inmates, Plaintiff's Complaint does not purport to be a class action and is viewed only as an action by the named Plaintiff. *See Hall v. Brown*, **Case No. 10-cv-724-GPM, 2011 WL 1403036, at \*1 n.1 (S.D. Ill. April 13, 2011)(quoting** *Morlan v. Universal Guar. Life Ins. Co.*, **298 F.3d 609, 616 (7th Cir. 2002)("[U]ntil certification there is no class action but merely a prospect one; the only action is the suit by the named plaintiff."))**. Thus, as Plaintiff has since been transferred to Dixon Correctional Center, Plaintiff's request for injunctive relief is now moot, as Judge Reagan previously stated (See Doc. 23).

Further, to the extent that Plaintiff seeks a declaration that Davis violated his 8th Amendment rights, that prayer for relief can remain as a "predicate for damages." *Nelson v. Miller*, **570 F.3d 868, 883 (7th Cir. 2009) (quoting** *Crue v. Aiken*, **370 F.3d 668, 677 (7th Cir. 2004) ("When a claim for injunctive relief is barred but a claim of damages remains, a declaratory judgment as a predicate to a damages award can survive."));** *Pearson v. Welborn*, **471 F.3d 732, 743 (7th Cir. 2006) (When declaratory judgment is nothing more than a reiteration of the jury's conclusion, it would not constitute "other relief" distinct from damages award of the jury.).** However, to the extent that Plaintiff seeks declaratory relief as some separate equitable award, which would "affect the behavior of the defendants towards the plaintiff", that request, like the request for injunctive relief, is now moot due to Plaintiff's transfer. *Pearson*, **471 F.3d at 743**

**(citing** *Higgason*, **83 F.3d at 811;** *Rhodes v. Stewart*, **488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988)).** The undersigned, accordingly, **RECOMMENDS** that the Court **FIND AS MOOT** Defendant's motion to dismiss equitable relief claims as Plaintiff's claims for equitable relief have already been dismissed in the Court's threshold order.

**B.    Due Process Claims**

Defendant Davis also seeks to dismiss Plaintiff's due process claim as redundant to his Eighth Amendment claim for unconstitutional conditions of confinement. Plaintiff argues that his due process claim is not redundant as he has alleged that Defendants retaliated against him for using the grievance process and disciplined him by placing him in a segregation cell.

The undersigned notes several problems with Plaintiff's due process claim. First, the Court notes that in Judge Reagan's threshold review of Plaintiff's Amended Complaint, Judge Reagan construed Plaintiff's due process claim as a claim against Defendants Lt. John Doe and C/O John Doe (Doc. 23). The claim was not against Randy Davis. The claims against Defendants Lt. John Doe and C/O John Doe were dismissed on March 5, 2013 when Plaintiff failed to identify the John Doe defendants, leaving only the unconstitutional conditions of confinement claim against Defendant Randy Davis. Thus, the due process claim was dismissed on March 5, 2013 when the John Doe defendants were dismissed as they were the only Defendants named in Plaintiff's due process claim.

The undersigned has recently reviewed Plaintiff's Amended Complaint (Doc. 22), however, and notes that while Randy Davis was not listed under Count III which sought declaratory relief for due process violations against only Defendants Lt. John Doe and C/O John Doe, Randy Davis was listed under Count IV which sought tort damages for both due process violations and unconstitutional conditions of confinement. Under Count IV, Plaintiff indicated that Defendant Davis, along with the John Doe defendants, deprived Plaintiff of his right to due process by refusing to

address his requests for administrative review, presumably for refusing to address his grievances.

However, to the extent that Plaintiff seeks to bring a Fourteenth Amendment claim against Randy Davis for violation of his due process rights, Plaintiff has failed to state a claim of violation of his due process rights. Plaintiff's Amended Complaint argues that Davis violated his due process rights by failing to respond to his grievances. Plaintiff now argues in his responsive brief that Davis retaliated against Plaintiff for using the grievance process by disciplining him and placing him in a segregation cell. In any event, Plaintiff cannot maintain a due process claim regarding the grievance process as the Seventh Circuit has denounced a due process right in the inmate grievance system. *Grieveson v. Anderson*, **538 F.3d 763 (7th Cir. 2008)(citing** *Antonelli v. Sheahan*, **81 F.3d 1422, 1430 (7th Cir. 1996)("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").** Further, to the extent Plaintiff alleges that Defendant retaliated against Plaintiff for filing a grievance, such a claim would be one for retaliation under the First Amendment, not a violation of Plaintiff's due process rights, and Plaintiff has not raised a First Amendment retaliation claim in his Amended Complaint.

Plaintiff also argues that his due process claim arises out of his allegations in his Amended Complaint, albeit in the factual part of his Amended Complaint and not in any specific count, that he was placed in segregated confinement while Plaintiff was in the process of being transferred to a new facility. Plaintiff alleges that Vienna Correctional Center determined that Plaintiff had been improperly classified by IDOC's placement coordinator and thus was placed in segregation pending his transfer to his new facility. Thus, it appears that Plaintiff was placed in administrative segregation rather than disciplinary segregation, and Plaintiff does not allege that he being placed in segregation was a form of discipline by Vienne Correctional Center. There is no liberty interest implicated by this type of segregation placement, thus Plaintiff cannot maintain a due

process claim. *Lekas v. Briley*, **405 F.3d 602, 609 (7th Cir. 2005);** *Williams v. Ramos*, **71 F.3d 1246, 1248 (7th Cir. 1995).** Therefore, to the extent that Plaintiff alleges that Defendant Davis violated his due process rights, the undersigned **RECOMMENDS** that the Court **DENY** Defendant's motion to dismiss on the grounds of redundancy, as the claim is not redundant to the Eighth Amendment unconstitutional conditions of confinement claim, but **DISMISS** Plaintiff's Fourteenth Amendment claim under the Court's discretionary review under §1915A because Plaintiff cannot maintain a due process claim on the facts presented in his Amended Complaint.

### IV. Conclusion and Recommendations

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY IN PART AND FIND AS MOOT IN PART** Defendant Davis' motion to dismiss (Docs. 42 & 43). It is **RECOMMENDED** that the Court **FIND AS MOOT** Defendant's motion to dismiss Plaintiff's claim for equitable relief as such claims for relief were dismissed in the Court's previously threshold Order. Further, it is **RECOMMENDED** that Defendant Davis' motion to dismiss Plaintiff's Fourteenth Amendment due process claim be **DENIED** to the extent Defendant argues that the claim is redundant. However, the undersigned **RECOMMENDS** that Plaintiff's due process claim be **DISMISSED without prejudice** under the Court's § 1915A reviewing power, as the count fails to state a claim for which relief can be granted.

Should the Court adopt the undersigned's findings and recommendations, all that will be left in this case is Plaintiff's claim of unconstitutional conditions of confinement against Defendant Davis.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the

District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **October 18, 2013**.

**IT IS SO ORDERED**.
DATED: September 30, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge